BALDWIN, (HALE v.) See Case No. 5,913.

BALDWIN v. HARTER. See Case No. 11,-263.

BALDWIN, (HESTER v.) See Case No. 6,-438.

BALDWIN, The HEZEKIAH. See Case No. 6,449.

———

## Case No. 800.

### BALDWIN v. LAMAR.

[Chase, 432.] [1]

Circuit Court, D. South Carolina. May Term, 1869.

JUDGMENT—ENTRY—DESTROYED RECORD—FILING TRANSCRIPT—PARTIES—PRACTICE—SCIRE FACIAS.

1. A verdict having been obtained in 1860, no further proceedings are had in the cause until 1867. In the meantime the record has been destroyed. The plaintiff may file a transcript of the record in his possession, upon which a judgment may be entered as upon the original record.

2. In such case, the defendant having died in the meantime, his personal representative must be made a party, and a rule served to show cause why the transcript should not be filed, does not operate to make him a party.

3. It seems that when the personal representative is a non-resident, it should be done by scire facias.

4. The copy of the record produced, was in the possession of the plaintiff.

At law. The facts are fully stated in the opinion of the CIRCUIT JUSTICE.

Chamberlain & Seabrook, for plaintiff.

Magrath & Loundes, for defendant.

CHASE, Circuit Justice. This was originally a suit on which a verdict was obtained May 9, 1859, by the plaintiff against the de-

———

[1] [Reported by Bradley T. Johnson, Esq., and here reprinted by permission.]

fendant, for twenty-five thousand three hundred and fifty dollars. On motion, this verdict was set aside, and a new trial was ordered. On May 18, 1860, another verdict was rendered against the defendant, for fourteen thousand six hundred and sixty-six dollars and sixty-six cents. On June 4, the time for filing the bill of exceptions was extended for two months. On August 8, the time for filing exceptions was again extended to November 1, 1860.

The civil war, which soon followed, prevented any further action at that time. On February 13, 1867, the plaintiff proposed to file a transcript of the proceedings of the circuit court in this case, and also in the case of Baldwin v. C. A. L. Lamar, and others. A rule was issued upon the administratrix Lamar, to show cause why the order prayed for should not be made. The rule was duly served and returned, and on May 21, 1867, the order was made and the transcript filed. A motion is now made for a judgment upon the verdict evidenced by this record. The statute of the state, which has been practically adopted as the rule of proceeding in this court, provides that the transcript of a record lost or abstracted, when proved and filed, shall have precisely the same effect as if the record had never been disturbed. The question, then, is: What would be the right of the plaintiff in the verdict, obtained in May, 1860, had it remained on the record of the court during the whole period, and now, for the first time, a judgment was asked upon it? Undoubtedly a judgment ought to be entered upon the verdict; but it can not be entered nunc pro' tunc. The accidents and events of the war must be regarded as causing inevitable delay. A judgment will only be rendered when asked. The plaintiff would be entitled to a judgment at this term, if this was all. But Lamar, the defendant, has been dead four years. The plaintiff appears to have taken for granted that the issue of the rule to show cause why the order to file the transcript should not be entered, made the administratrix a party to this record. We do not think so. We think that the record stands precisely as it would stand if there had been no war, and this was the next term after the verdict. If Mr. Lamar had died after the rendition of the verdict, before judgment could be entered, it would then be necessary to make the administratrix a party. This could be done in various ways, according to circumstances. It could be done on motion, or by a rule to show cause, or by a scire facias; and we think a scire facias should be issued in this case especially; the administratrix is not a citizen of this state, and it is proper that she should have the opportunity of pleading to the scire facias. We do not know that any plea will avail her. We do not propose to go into an examination of any question of jurisdiction or other defense in advance. The case was transferred to this court from the circuit court for the district of Georgia. We have been asked to make an order for re-transfer. No such order will now be made, but the case will be continued in order that the administratrix of the deceased defendant may be made a party to the record.